**YUE HUA LIN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–4840.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 17, 2010.

Opinion filed: March 4, 2010.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, NY, for Petitioner.

Andrew J. Oliveira, Esq., Luis E. Perez, Esq. Joan H. Hogan, Esq., United States Department of Justice Office of Immigration Litigation Washington, DC, Thomas W. Hussey, Esq., Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Attorney General of the United States.

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges.

### OPINION

PER CURIAM.

Yue Hua Lin petitions for review of a Board of Immigration Appeals ("BIA") decision denying her motion to reopen her

immigration proceedings. We will deny the petition for review.

Lin is a native and citizen of China. She was detained when she arrived at the Chicago O'Hare International Airport in December 2005. Shortly thereafter, a notice to appear was issued charging that Lin was subject to removal because, at the time of her application for admission, she did not possess a valid entry document. Lin conceded that she was removable and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming that she was persecuted in China after officials found Falun Gong materials at her book stand.

In 2006, an Immigration Judge ("IJ") denied Lin's applications for relief from removal. Noting inconsistencies between Lin's testimony and other evidence, the IJ did not find Lin credible. The IJ also stated that, even if Lin were credible, she testified that she was not a Falun Gong practitioner, and thus she would face prosecution in China for having banned materials, not persecution. In 2008, the BIA affirmed, without opinion, the results of the IJ's decision. Lin filed a petition for review, which was dismissed at her request pursuant to Federal Rule of Appellate Procedure 42(b). *See* C.A. No. 08–2270.

Lin then filed a motion to reopen the administrative proceedings. Lin alleged that she had new information that the Chinese government is looking for her. She stated that her mother had told her that people from the local police station had gone to her home in an effort to find her, and that officials had issued a summons directing that she report to a security office. Lin further stated that, after she did not report, village cadres went to her home every two or three days looking for her and the security office issued a sanction notice. Lin asserted that she will be arrested if she returns to China. Lin also stated that she had started practicing Falun Gong in the United States. In support of her motion to reopen, Lin submitted an affidavit, a letter from her mother, and copies of the summons and sanction notice. In her affidavit, Lin also stated that family planning officials have required her to report for a check-up.

The BIA denied Lin's motion to reopen. The BIA explained that Lin's practice of Falun Gong in the United States was not a basis for reopening because Lin had not shown that Chinese authorities were aware of her practice or that they want to persecute her on that basis. The BIA also found that Lin could have raised her argument in the proceedings before the IJ because it appeared that she had started practicing Falun Gong before her hearing had completed.

The BIA further stated that the summonses and the letter from Lin's mother appeared to relate to Lin's prior testimony about fleeing prosecution, not a claim of persecution, and the IJ had found her testimony not credible. The BIA noted that Lin had not authenticated the summonses as required by the regulations. The BIA also doubted Lin's claim given the IJ's adverse credibility finding and the fact that she had filed her motion shortly after her petition for review was dismissed. Finally, the BIA found that reopening was not warranted based on notices requiring Lin to report to the family planning office for a gynecological examination because the notices did not establish prima facie eligibility for relief. This petition for review followed.

We review the denial of a motion to reopen for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004). Under this standard, we will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." *Id.*

Lin argues that the BIA never reached the issue of whether she stated a prima facie case for relief based on her claim that officials still sought her for her perceived or actual Falun Gong practice. She states that the documents she submitted establish her prima facie eligibility for relief. We disagree. First, the BIA did conclude that Lin failed to establish a prima facie case for relief. The BIA stated that the documents Lin had submitted appeared to relate to her prior testimony about fleeing prosecution, not a claim of persecution, and that the IJ found her testimony not credible. Although the BIA did not expressly state that Lin failed to establish a prima facie case for relief, that conclusion follows from the BIA's statement that her evidence does not support a claim of persecution.

 The BIA also correctly stated that Lin's evidence appears to relate to her testimony at her hearing before the IJ, where Lin asserted that a schoolmate asked her to keep Falun Gong materials at her book stand and officials detained her after finding them. The summons states that she was suspected of being involved in "harboring and protecting Fa Lun Gong members" and the sanction notice provides that Lin must pay a fine because she "harbored and protected the member of Falun Gong." A.R. at 21, 23. The BIA did not err in denying reopening where Lin's motion was based on the same claim as her asylum application, which the IJ found not credible.

Lin also has not shown that the BIA abused its discretion in denying reopening based on her assertion that she has become a Falun Gong practitioner. The BIA accurately noted that there is no evidence that Chinese authorities are aware of her practice in the United States or that they want to persecute her on this basis.[1]

Finally, to the extent Lin contends that the BIA erred in denying reopening based on evidence that she was required to report for gynecological examinations, Lin has not shown that the BIA abused its discretion in concluding that she did not establish prima facie eligibility for relief. See *Matter of M–F–W & L–G–*, 24 I. & N. Dec. 633, 637 (BIA 2008) (setting forth required showing for refugee status based on resistance to a coercive population control program).

Accordingly, we will deny the petition for review.

---

1. Having found no abuse of discretion for this reason, we need not address Lin's argument that the BIA erred in stating that she could have raised this argument at her hearing before the IJ.